## Hoskins et al. v. Harlan Building & Loan Ass'n.

(Decided March 6, 1936.)

T. R. McBRAYER for appellants.

E. L. MORGAN for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

On January 30, 1930, appellants Hoskins and wife executed to appellee their note for $1,000 payable in monthly installments, covering a period of approximately twelve months, and at the same time executed

a mortgage on a house and lot; the mortgage carrying the usual terms and conditions common to a building and loan mortgage, including a prolapsus clause. Appellants had defaulted for a considerable period of time on interest, premium, and payment of dues, and in July, 1934 appellee filed suit asking a balance due of $885.70; that its lien be declared, and for a sale of the property to satisfy its debt, interest, and costs.

The Reams Lumber Company was called upon to, and became a party to the suit, setting up by appropriate pleadings a mortgage for $292.53, and in judgment its lien was declared inferior to appellee's, but on this score there is no complaint from any source.

Appellants, before answering, requested a bill of particulars, and appellee complied, showing that the original note plus unpaid interest and premiums of $318 and fines for delinquencies of $15, totaled $1,333 subject to credits of total dues paid in—$306, plus sundry interest and premium payments, totaling $449.30, leaving the balance due as set up in petition.

Appellants responded by way of original and amended answer and counterclaim, admitting the execution of the note and mortgage, but claimed certain unallowed credits and an item of damages. It was alleged that appellee for eleven months had control of the property in question, and, without alleging that it had collected any rents, said that a reasonable rental value of the property was $9 per month; that thus appellants were entitled to a credit of $99; that appellee had prevented one of the tenants of the property from paying appellants $26; that the appellants were entitled to a dividend of $35.40, which had not been credited; that it should be credited with the item of $15 charged as delinquent fines; an item of $53.70 taxes, and lastly pleaded that the appellee had obstructed a sale of the property, to the damage of appellants in the sum of $500.

Upon submission the court properly sustained demurrer to so much of appellant's answer as set up claim for damages alleged to have resulted from obstruction by appellee of a sale of the house and lot of appellant, and this objection may now be disposed of by the suggestion that the pleading was not sufficient in form or substance to constitute a cause of action;

furthermore, the matter attempted to be pleaded was not such as is allowable under the Civil Code of Practice (section 96) to be by way of counterclaim or set-off, and the proof is far from showing that there was any interference in any contemplated sale.

The court did allow credits as follows: $15 for fines collected on delinquencies; rents collected by appellee, $63.10; $35.20 and $4.50, which appear to be on account of taxes claimed to have been paid by appellant, but charged up by appellee, and which really did not enter into the contract between the parties. There is no pleading by either party with regard to taxes, except that by appellants, who say in their amended petition "that they are not owing any taxes on this piece of property in the sum of $53.70, or any other sum." However, there was some proof in regard to taxes, and, since the court who heard the proof saw fit to give credit to appellants for the amount set out above, there should be no complaint on their part. The item of $15 allowed as credit should draw no complaint, as neither should the allowance of $63.10 for rent.

As to the dividend claimed, the proof shows that this was not a proper subject of credit. The appellants were borrowing members, and, if entitled to dividends, they would be subjected as credits on the debt, and there is no charge that they were not so allowed. Mention is made in the responsive pleadings as to usury and appellants right to a credit for usurious interest. Appellants complaint is that the charges of premiums, dues, and perhaps fines raise the annual rate of interest charged to an excess of 6 per cent., the legal rate. As to the delinquency fine, that was ordered to be and was credited. As to the premium and dues payments, this court has recently decided that sections 854 to 857, Kentucky Statutes, permitting building and loan companies to collect dues and premiums, in addition to the 6 per cent. interest charge, are valid and constitutional. See Linton v. Fulton B. & L. Ass'n, 262 Ky. 198, 90 S. W. (2d) 22. As to the rent and tax items, the proof was not clear or convincing for either party. The court allowed an amount on rents collected and withheld or impounded, and some portion of the tax. Both parties say they do not understand how the court arrived at his conclusions in these respects, but, be this as it may,

88

the allowances appear to be favorable to appellant, and, since they were so and for other reasons shown above, we conclude that the judgment below should be allowed to stand.

Judgment affirmed.